IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
|     Plaintiff, | : |
| | : |
| vs. | :    5:24-CR-40 (CAR) |
| | : |
| CHAD DEMARCO CUMMINGS, | : |
| | : |
|     Movant. | : |

**ORDER DISMISSING MOVANT'S MOTION FOR RETURN OF PROPERTY**

On March 20, 2024, the Bibb County Sheriff's Office ("BCSO") seized certain personal property from Movant Chad Demarco Cummings and held it as evidence during the investigation and prosecution of this case. On July 9, 2024, a Federal Grand Jury sitting in the Middle District of Georgia returned a five count Indictment against Movant. Count Two charged Movant with possession with intent to distribute fentanyl. The Indictment included a generic Forfeiture Notice which notified Movant that upon conviction, he would be required to forfeit any property constituting or derived from any proceeds obtained as a result of such offense(s). On January 15, 2025, Movant pled guilty to Count Two of the Indictment, and as part of his plea agreement, he consented to the forfeiture of three firearms and ammunition. On May 20, 2025, the Court sentenced Movant to 80 months imprisonment to be served consecutively to the 15-month imprisonment sentenced imposed in MDGA case number 5:20-CR-9, for a total

imprisonment of 95 months.

Movant has now filed a *pro se* Motion for Return of Property seeking the return of (1) an iPhone 11; (2) an iPhone 12; (3) an iPhone 15; (4) an Android phone; (5) an Apple laptop; and (6) a Samsung laptop. But the BCSO appears to have custody of the property referred to in his Motion. On July 28, 2025, the Government made an inquiry to the BCSO which revealed that the it has custody of the following evidence and personal property seized in this case: (1) six (6) digital scales with a package of green baggies, and a measuring cup; (2) a Mac Book Air; (3) an HP laptop; (4) a black smartphone; (5) a blue Motorola smartphone in a black case; (6) a gold smartphone in a brown UPS box; (7) a black TCL tablet; (8) a yellow Mead notebook; (9) a gold Apple iPhone in a black case; and (10) a black Apple iPhone in a black case. The FBI took custody of the contraband drugs. Because the seized property Movant seeks returned is not in the custody of the United States or its agencies, the Court **DENIES** Movant's Motion for Return of Property [Doc. 45].

## DISCUSSION

Generally, movants seeking the return of non-contraband property at the conclusion of a criminal case may do so pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. But when the property sought is not in the custody of the United States or any of its agencies, the Court lacks jurisdiction to order that the subject property be returned or otherwise disposed. The Government represents that it has sent a copy of

Movant's request for the return of his electronics to the BCSO evidence custodian who informed the U.S. Attorney's Office and the FBI it has no objection to the electronics being released.

Accordingly, the Court **DENIES** Movant's Motion for Return of Property [Doc. 45].

**SO ORDERED,** this 18th day of August, 2025.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT